IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case Number: 3:20-CR-00267-M |
| DARRIUS FEGGETT (1), | § § | |
| Defendant. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Darrius Feggett's Motion to Withdraw Guilty Plea. ECF No. 88. For the reasons stated below, the Motion is **DENIED**.

1. **Background**

The Superseding Indictment charged Defendant with one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count One), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) and 924(a)(2) (Count Two). ECF No. 32. On August 2, 2022, the parties filed a signed plea agreement, factual resume, and plea agreement supplement. ECF Nos. 80–82. The factual resume is signed by Defendant and Defendant's counsel, and recites stipulated facts, including that Defendant admits and agrees that on or about February 18, 2020, in the Dallas Division of the Northern District of Texas, he knowingly possessed a stolen firearm and committed all the essential elements of the offense underlying Count Two. ECF No. 81 ¶¶ 1, 5.

On August 8, 2022, Defendant pleaded guilty before the Court to Count Two of the Superseding Indictment; in exchange, the government agreed to dismiss Count One after sentencing. ECF Nos. 80, 84, 89. At the rearraignment hearing, Defendant admitted under oath that the facts set forth in the factual resume were true and correct, that his plea of guilty was

knowing and voluntary, and not the result of any force, coercion, or threats. ECF No. 89, at 9–10, 14–16. He also acknowledged that he had received from his counsel explanations of the plea agreement, the consequences of entering into the plea agreement, and alternatives to entering into the plea agreement. *Id.* at 10–11, 16. He further confirmed that he had no basis for claiming ineffective assistance of counsel, confirmed his desire that the Court accept the plea agreement, and pleaded guilty to Count Two of the Superseding Indictment, possession of a stolen firearm. *Id.* at 16, 20.

Following this plea colloquy, the Court found that Defendant was fully competent and capable of entering an informed plea, that his plea of "guilty" to Count Two of the Superseding Indictment was knowing and voluntary, and supported by an independent basis in fact containing each of the essential elements of the offense charged by Count Two. *Id.* at 20–21. The Court thus accepted Defendant's guilty plea. *Id.* at 21. Defendant now moves to withdraw his guilty plea. ECF No. 88.

**2. Analysis**

"A defendant does not have an absolute right to withdraw his guilty plea." *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019). Instead, the Court may, in its discretion, permit withdrawal before sentencing if the Defendant can show a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The Defendant carries the burden of establishing a "fair and just reason" for withdrawing a guilty plea. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

In considering whether to permit withdrawal of a plea, the Court considers the seven factors set forth in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). These factors include: (1) whether the Defendant asserted his actual innocence; (2) whether withdrawal would

prejudice the Government; (3) the extent of the delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the Court; (5) whether the Defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources.  *Id.*  "[N]o single factor or combination of factors mandates a particular result," and the Court makes its determination "based on the totality of the circumstances."  *Still*, 102 F.3d at 124.  The Court is not required to make explicit findings as to each of the *Carr* factors.  *Powell*, 354 F.3d at 370.

Defendant argues that the majority of the *Carr* factors weigh in favor of this Court allowing him to withdraw his guilty plea.  As explained below, the Court disagrees.

As to the first *Carr* factor, Defendant asserts he is innocent and agreed to the plea agreement only because he felt rushed into accepting the "sweetheart deal" offered to him by the Government.  ECF No. 88 at 2.  In addition, Defendant submits evidence *in camera* which he contends supports his assertion of innocence; specifically, Defendant submits evidence he contends refutes an element that the Government must prove, namely whether he knew or had reasonable cause to believe the firearm was stolen.  ECF No. 95.

The Court has reviewed the evidence Defendant submitted *in camera*, and finds that although as unrebutted it might tend to support Defendant's assertion of innocence, the evidence is contrary to Defendant's sworn testimony at his rearraignment hearing.  During the hearing, the Court reviewed the factual resume with Defendant in open court, and he admitted under oath that the factual allegations contained therein were true and correct.  ECF No. 89 at 9–10.  Defendant made several affirmative declarations that he was guilty as charged, and specifically agreed that each of the elements the Government would need to prove beyond a reasonable doubt to convict—including the element Defendant now contests—is true.  *Id.*

"It is well established that '[s]olemn declarations in open court carry a strong presumption of verity.'" *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath."). Accordingly, for purposes of analyzing the first *Carr* factor, the Court assigns little weight to Defendant's post-guilty plea assertion of innocence.

As to the second *Carr* factor, the Court finds that the Government would be prejudiced if Defendant were allowed to withdraw his guilty plea. Defendant signed the plea agreement on August 2, 2022, less than a week before the trial was scheduled to begin on August 8, 2022. If this case now were to go to trial, the Government would have to reapproach and potentially retraumatize two victims—who were previously notified that this case had been resolved due to Defendant's guilty plea—to testify, as well as prepare numerous other witnesses, including a paid expert witness. ECF No. 90 at 9–10; *see, e.g.*, *United States v. Field*, 322 F. App'x 386, 387–88 (5th Cir. 2009) ("Allowing Field to withdraw the plea would be prejudicial to the Government because the prosecutor would have to again prepare for the same trial, and another trial would require the district court to expend judicial resources already used in commencing the first jury trial.").

The third factor, Defendant's delay in moving to withdraw his guilty plea, also weighs against withdrawal. *See Carr*, 740 F.2d at 345 ("The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in

4

pleading guilty"). Although Defendant's Motion indicates that he "instantly had a pit in his stomach after his guilty plea," he waited until October 3, 2022, almost two months after pleading guilty, to contact his counsel and request that his plea be withdrawn. ECF No. 88 at 3. Fifth Circuit precedent indicates that such a delay is to be weighed against a defendant seeking withdrawal. *See, e.g.*, *United States v. Strother*, 977 F.3d 438, 447 (5th Cir. 2020) (three-month delay "constitutes a significant delay that weighs against granting withdrawal"); *United States v. Harrison*, 777 F.3d 227, 237 (5th Cir. 2015) (five-week delay weighed against withdrawal); *Carr*, 740 F.3d at 345 (twenty-two day delay weighed against withdrawal).

Under the fourth and seventh *Carr* factors, withdrawal would burden the Court's already busy docket in a case where significant resources have already been expended in preparing for the original trial setting, including calling a pool of potential jurors, as well as conducting the rearraignment proceeding; permitting Defendant to withdraw his plea now would necessitate further use of judicial resources. Moreover, as the Fifth Circuit observed in *Carr*, "denying a withdrawal motion when it would waste judicial resources 'protects the rights of other accused persons awaiting trial, whose cases may lose . . . their position on the calendar.'" 740 F.2d at 346 (quoting *Everett v. United States*, 336 F.2d 979, 984 (D.C. Cir. 1964)). Although Defendant posits that rescheduling trial will not inconvenience the Court because it will only last one week, in reality, rescheduling even a week-long trial inconveniences the Court by disrupting its docket and trial schedule, which is especially true here because this criminal case would take priority over other pending civil actions. *See id.* at 345.

Next, the Court finds that the fifth and sixth *Carr* factors—whether Defendant had effective assistance of counsel and whether the guilty plea was knowing and voluntary, respectively—both weigh against withdrawal. During the extensive plea colloquy on the record

in open court, Defendant agreed he had effective representation of counsel and the Court expressly found that he entered into the plea agreement knowingly and voluntarily. In addition, the Court notes that the evidence Defendant provided *in camera* in support of his assertion of innocence is not new and would have been known to Defendant when he made his guilty plea.

Defendant provides no legitimate grounds for the Court to depart from its earlier findings. Although Defendant contends that he felt "rushed" into entering the plea agreement and has certain mental health issues that could affect his decision-making ability, Defendant never raised any such concerns regarding timing during the rearraignment proceeding, and does not argue that he was incompetent when the plea was entered. In fact, the Court specifically inquired as to Defendant's competency and whether he was capable of understanding the proceeding. ECF No. 89 at 4–6. The Court observed no evidence of duress or confusion.

In sum, weighing the totality of the circumstances, the Court finds that Defendant has failed to carry his burden of showing a "fair and just reason" for withdrawing his guilty plea.

For the foregoing reasons, Defendant's Motion to Withdraw Guilty Plea is **DENIED.**

**SO ORDERED**.

December 5, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE